IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DANIEL GAY,<br>    Petitioner, | : <br> : <br> : | PRISONER MANDAMUS<br>28 U.S.C. § 1361 |
| v. | : <br> : | |
| MR. PATRICK H. HEAD et al.,<br>    Respondents. | : <br> : | CIVIL ACTION NO.<br>1:11-CV-2505-WSD-LTW |

-------------------------------------------------------------------------

| | | |
|---|---|---|
| CHRISTOPHER DANIEL GAY,<br>    Petitioner, | : <br> : <br> : | PRISONER MANDAMUS<br>28 U.S.C. § 1361 |
| v. | : <br> : | |
| MRS. ADELE P. GRUBBS et al.,<br>    Respondents. | : <br> : | CIVIL ACTION NO.<br>1:11-CV-2510-WSD-LTW |

## ORDER FOR SERVICE OF REPORT AND RECOMMENDATION

The Report and Recommendation of the United States Magistrate Judge, made in accordance with 28 U.S.C. § 636(b)(1) and this Court's Local Rule 72, is attached. The same shall be filed and a copy, together with a copy of this Order, shall be served upon counsel for the parties and upon any unrepresented parties.

Pursuant to 28 U.S.C. § 636(b)(1)(C), within fourteen (14) days of service of this Order, each party may file written objections, if any, to the Report and Recommendation. If objections are filed, they shall specify with particularity the

alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Clerk is **DIRECTED** to submit the Report and Recommendation with objections, if any, to the District Judge after expiration of the time period stated above.

**SO ORDERED** this 5 day of August, 2011.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER DANIEL GAY,<br>Petitioner, | : | PRISONER MANDAMUS<br>28 U.S.C. § 1361 |
| v. | : | |
| MR. PATRICK H. HEAD et al.,<br>Respondents. | : | CIVIL ACTION NO.<br>1:11-CV-2505-WSD-LTW |

---

| | | |
|---|---|---|
| CHRISTOPHER DANIEL GAY,<br>Petitioner, | : | PRISONER MANDAMUS<br>28 U.S.C. § 1361 |
| v. | : | |
| MRS. ADELE P. GRUBBS et al.,<br>Respondents. | : | CIVIL ACTION NO.<br>1:11-CV-2510-WSD-LTW |

### ORDER AND FINAL REPORT AND RECOMMENDATION

Petitioner, pro se, is confined at the Turney Center Industrial Prison in Only, Tennessee. (Doc. 1 at 2.) Petitioner mailed two packages to the Court, both of which contained a "mandamus petition" and an application to proceed *in forma pauperis*. (Docs. 1-2.) The documents in both packages are identical, but the Clerk docketed them as two civil actions because Petitioner mailed them separately.

In his mandamus petition, Petitioner seeks credit for time he served in jail in Florida and apparently also in Tennessee while he was awaiting extradition to Cobb County, Georgia, on a detainer lodged against him in 2009. (Doc. 1 at 1.) Petitioner sought extradition to Georgia in August 2009 for trial on the Georgia charges, but contends that he was not brought to Georgia until 2011. (Doc. 1 at 1, 3.)

According to the official public records of the Superior Court of Cobb County, Georgia, Petitioner pled guilty in May 2011 to two of the three counts of the indictment to which the detainer pertained and was sentenced to four years' imprisonment to run concurrently with any other sentence Petitioner is now serving. Prosecutor's Rpt. on Disposition of Charges, *State v. Gay*, No. 09-9-3566 (Cobb Sup. Ct. May 25, 2011).[1] That court's records provide that Petitioner will receive credit for time served, which appears to be what Petitioner seeks in this action – credit against his four-year Georgia sentence for the time he served in jail or prison since August 24, 2009. *Id.*; (Doc. 1.)

This Court finds that Petitioner cannot obtain the relief he seeks in this action for at least two reasons. First, Petitioner cannot obtain mandamus relief under 28 U.S.C. § 1361 because that provision provides for relief against only federal officers or employees. Petitioner is in state custody and has named only state officials – the Cobb County District Attorney and a Cobb County Superior Court Judge – as Respondents in this action. (Doc. 1.) "[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973).

---

[1] A copy of this document, as filed in Petitioner's criminal case in the Cobb County Superior Court, is attached to this Order and Final Report and Recommendation. The undersigned takes judicial notice of the official record of Petitioner's criminal case in Cobb County Superior Court.

2

Second, Petitioner cannot obtain relief under 42 U.S.C. § 1983 because he essentially challenges his state criminal sentence. Petitioner seeks credit towards his state sentence because the state allegedly did not prosecute him in a timely manner, which is relief in the nature of habeas corpus because it implies the invalidity of his sentence and could result in a speedier release.[2] *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release . . . ."); *Beaven v. Roth*, 74 F. App'x 635, 638 (7th Cir. 2003) ("A state prisoner's suit challenging the computation of his sentence is a suit challenging the duration of his confinement, and therefore, the appropriate vehicle to raise such a claim in federal court is a writ of habeas corpus under § 2254, after exhausting state remedies.").

The undersigned does not recommend that this action be construed as a petition for a writ of habeas corpus regarding Petitioner's recent convictions in Cobb County because it does not appear that Petitioner has exhausted his available state remedies for challenging those convictions. *See* 28 U.S.C. § 2254(b)(1) (requiring exhaustion of state remedies as a prerequisite to habeas relief from state custody). To exhaust state remedies, a habeas petitioner must "present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review

---

[2] Before his May 2011 convictions, Petitioner filed § 1983 actions in this Court challenging the Cobb County detainer on the grounds that he was not timely tried. Those actions were dismissed because Petitioner could not obtain relief under § 1983. Order, *Gay v. Head*, No. 1:10-cv-2517-WSD (N.D. Ga. Sept. 30, 2010); Order, *Gay v. Head*, No. 1:10-cv-689-WSD (N.D. Ga. Apr. 30, 2010).

3

procedure." *Pope v. Rich*, 358 F.3d 852, 853-54 (11th Cir. 2004). Petitioner provides no evidence that he has exhausted all available state remedies by giving the Georgia state trial and appellate courts a full opportunity to review his claims regarding his recent convictions and sentence, and it is unlikely that he could have done so given that he was convicted and sentenced in May 2011.

Accordingly, the undersigned **RECOMMENDS** that the petitions for mandamus relief in civil actions 1:11-CV-2505-WSD-LTW and 1:11-CV-2510-WSD-LTW be **DISMISSED**. The undersigned **GRANTS** Petitioner leave to proceed *in forma pauperis* for purposes of dismissal only.

**SO ORDERED AND REPORTED AND RECOMMENDED** this 5 day of August, 2011.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

4